Dear Marshal Achord:
This office is in receipt of your request for an opinion of the Attorney General in regard to eviction procedure. You ask the following:
 In reference to Civil Code of Procedure Art. 4734, what is the proper way to "clear the premises of property"?
 Is it proper to pay an attorney from the general fund of the Marshal's office for legal advice pertaining to the Marshal's office? What is the amount the attorney can be paid, if so where is that information found?
Relative to your first question, you relate in your request letter that on the day of an eviction judgment you set the time you will be present to execute the eviction warrant, and you explain to the plaintiff for apartments, houses, and trailers owned by the plaintiff that you will stand by there so there will be no trouble while the plaintiff has someone remove items belonging to the defendant and places them off the plaintiff's property. With regard to a trailer owned by a defendant, you have the plaintiff arrange for a trailer company to move the trailer off the property while you stand by.
We find that C.C.P. Art. 4733 provides, "If the lessee or occupant does not comply with the judgment of eviction within twenty- four hours after its rendition, the court shall issue immediately a warrant directed to and commanding its sheriff, constable, or marshal to deliver possession of the premises to the lessor or owner." Thereafter, Article 4734, which you cite, provides:
 The sheriff, constable, or marshal shall execute a warrant rendered under Article 4733 in the presence of two witnesses, by clearing the premises of any property therein, in order to put the lessor or owner in possession of the premises.
 If the sheriff, constable, or marshal finds the windows, doors, or gates of the premises locked or barred, he shall break open any of these when necessary to affect convenient entry into the premises.
In Atty. Gen. Op. 96-122 this office explained the preliminary stages of the eviction process, and related when the lessee's right of occupancy has ceased, and the lessor wishes to obtain possession of the premises, he shall cause written notice to vacate the premises to be delivered to the lessee, and shall allow the lessee not less than five days from the date of its delivery to vacate the premises. After this notice and the requisite five days have elapsed, the lessor may then proceed through court to have the eviction enforced, and have him summoned before the judge or justice of the peace. If three days after notice of the judgment he has not departed, the judge may order that he shall be expelled and the property shall be cleared by the sheriff or constable, at his expense.
In Atty. Gen. Op. 03-390 this office observed in regard to removal of a boat when a judgment had been entered to vacate by a marina owner, that a notice to vacate is only the initial stage in effectuating an eviction. It then explains if the whereabouts of the occupant is unknown, notice and pleading required to be delivered or served may be attached to a door of the premises and will have the same effect as personal service. Thereafter, the proper procedure for having property removed is to have the constable execute a warrant of eviction in accordance with C.C.P. Art. 4734 by removing the boat from the slip, and if the boat cannot be secured nearby, the boat should be regarded as any other abandoned property, La.Atty. Gen. Op. No. 81-186.
Based upon the above cited statements of this office and pertinent statutes, we would conclude that the owner upon obtaining a judgment of eviction and giving notice may have the property cleared by the sheriff or constable or marshal if the lessee does not comply within twenty four hours after the judgment of eviction at the expense of the lessee.
Accordingly, it can be concluded that the procedure you are currently following of having the plaintiff remove the items belonging to the defendant is not consistent with the views expressed by this office that the judge may order the lessee expelled and property cleared by the sheriff and constable at the expense of the party being evicted.
In response to your question if it is proper to pay an attorney from the general fund of the Marshal's office for legal advice pertaining to the Marshal's office, we would conclude as the executive officer of the court with the same duties as the sheriff you would be able to seek legal advice from the city attorney without having to compensate him for giving you advice pertaining to your office. Additionally, you are entitled to seek legal advice from this office as well, as is the case herein.
However, in Atty. Gen. Op. 77-1142 this office was asked whether the sheriff had the authority to hire an attorney to be paid from the Sheriff's Salary Fund for a case in Federal court where he was being sued by someone he arrested on murder charges and needed an attorney to handle matters as they arose separate and apart from this particular suit. Citing Atty. Gen. Op. Nos. 77-164, 77-495, and 77-564, this office observed that these opinions dealt with different aspects of hiring of attorneys by sheriffs and found all reached the common conclusion that a sheriff may hire an attorney and pay his fees from the Sheriff's Salary Fund if the attorney is being hired to defend the sheriff or represent the sheriff in matters arising in the course of the sheriff's official business. In conclusion this office stated therein, "Also, an attorney may be paid on a case by case basis for handling legal matters of the sheriff's office, but may not be paid except for work actually performed, thus a retainer fee arrangement would not be advisable if a set amount of money is paid each month regardless of the actual work performed."
Inasmuch as this office has stated the Marshal's duties are similar to that of the sheriff, we feel the logic of the opinions relative to the sheriff hiring an attorney are applicable in concluding you may hire an attorney to be paid from the general fund of the Marshal's office to defend you as marshal, in matters arising in the case of the marshal's official business, and a fee would have to be negotiated on each request as to the work required to answer the inquiry for legal advice.
We hope this sufficiently answers your inquiry.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENREAL
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr